UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:14-cr-13-JA-PRL

ANTHONY VIKEY OMAR PRICE

## ORDER

Defendant Price's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)" (Doc. 188) is before the Court for consideration. The Government opposes the motion. (Doc. 190). To prevail on this motion, Defendant must initially satisfy two requirements: (1) that he exhausted his administrative remedies; and (2) that there are extraordinary and compelling reasons warranting a reduction. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)). The Government does not dispute that Defendant has exhausted his administrative remedies. (Doc. 190 at 4). However, because Defendant cannot show extraordinary and compelling reasons for a reduction

of his sentence, his motion must be denied. Furthermore, the § 3553 sentencing factors do not weigh in Defendant's favor.

After a three day trial, a jury found Defendant guilty of knowing and intentionally aiding and abetting an attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Docs. 17, 66). On November 25, 2014, the Court sentenced Defendant to 262 months of imprisonment to be followed by 5 years of supervised release. (Docs. 112, 113). At the time of sentencing, Defendant was a career offender with a criminal history category of VI. (Doc. 108). Defendant is 36 years old and his projected release date is January 14, 2033. (Doc. 190 at 1).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c).

Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. These reasons include: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances. Neither (B) or (C) apply here because Defendant is not over 65 and he does not claim a relevant family circumstance.[1] Extraordinary medical

---

[1] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the

3

conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). But, even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his administrative remedies because the failure to do so is fatal to his request. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Here, the Government "concedes that [Defendant] has exhausted his administrative remedies for purposes of the instant motion." (Doc. 190 at 4). Further, "[t]he BOP has confirmed . . . that [Defendant] appealed his request through the administrative remedies process, and that it

---

defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1k(C).

was denied." (*Id.*). The Court finds Defendant has exhausted his administrative remedies and turns its inquiry to whether Defendant presents any extraordinary and compelling reasons to support his request.

### B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Defendant bears the burden of establishing that there are extraordinary and compelling reasons warranting his release. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Defendant fails to carry this burden.

Defendant does not present a medical condition that qualifies as an extraordinary and compelling reason.[2] Defendant alleges he has mild obesity and hypertension. (Doc. 188 at 7-8). Defendant provides no support for these allegations. When Defendant's PSR was prepared in September 2014, he reported that he was healthy, did not suffer from any allergies, and had never had a major illness, surgery, or disease. (Doc. 106 at 19). More importantly,

---

[2] Application Note 1 (D) allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. Application Note 1 (D) however, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). That is, "the phrase '[a]s determined by the Director of the [BOP]'" cannot be replaced with "as determined by a district court." *Bryant*, 996 F.3d at 1263. Thus, relief under Application Note 1(D) is not available to Defendant.

his BOP medical records do not show that he is mildly obese or that he has hypertension; they merely reflect a hair issue, dental issues, and that he had COVID-19 in November 2020. (Doc. 190-3). His records also reflect that he refused the COVID-19 vaccine on March 22, 2021. (Doc. 190-4).

Defendant's alleged underlying conditions alone—apart from the risk of Covid-19—do not constitute extraordinary and compelling reasons justifying his release. And the Covid-19 pandemic does not fall into the specified categories of the Sentencing Commission's policy statement. The specified categories are serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. And "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Defendant does not allege that he has a terminal condition or any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). And, as noted above, Defendant contracted

COVID-19 and fortunately, recovered. Defendant has no medical conditions that trigger finding extraordinary and compelling reasons under Application Note 1(A).

### C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court has carefully considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief.

### III. CONCLUSION

Defendant's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)" (Doc. 188) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 27, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Anthony Vikey Omar Price