UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 5:14-cr-13-JA-PRL

ANTHONY VIKEY OMAR PRICE

### ORDER

Defendant's "Motion Seeking Reconsideration of Doc# 190 Based on Delta Variant New Transmissible Virus" (Doc. 196), construed as a motion for reconsideration of the Court's July 27, 2021 order denying Defendant's motion for sentence reduction (compassionate release) (Doc. 191), is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 199). Because Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice, the motion is due to be denied.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

In deciding motions for reconsideration in criminal cases, courts rely on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at * 1 (M.D. Fla. Dec. 23, 2019). The grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). These parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of a motion for reconsideration is not to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327,1344 (11th Cir. 2010). And a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" Court's ruling. *Michael Linet, Inc. v. Village of Wellington, Fla.*. 408 F.3d 757, 763 (11th Cir. 2005).

Defendant sought compassionate release for extraordinary and compelling circumstances under section (D) of U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. § 3582. (Doc. 188). In its July 27, 2021 order, citing *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the Court found that relief under Application Note 1(D) was not available to Defendant, and in

2

any event, Defendant did not present any extraordinary and compelling reasons to grant him the relief he requested. The Court also considered the § 3553(a) factors and found they did not weigh in favor of Defendant's release. In the instant motion, Defendant argues his obesity is newly submitted evidence, but it is not. He argued obesity in his first motion for compassionate release but failed to provide any evidence of same. He similarly fails to submit evidence of obesity now.

Defendant also submits the court should reconsider the §3553 factors asserting that the Court should look at his "most up-to-date picture" and that 8 years of incarceration satisfies the "purpose of sentencing." "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Further, his term of incarceration was previously considered by the Court.

Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice of the Court's July 27, 2021 Order. (Doc. 191). Defendant's Motion Seeking Reconsideration (Doc. 196) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on November 8, 2021.

JOHN ANTOON II
United States District Judge

3

Copies furnished to:
United States Attorney
United States Probation Office
Anthony Vikey Omar Price