UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO. 5:14-cr-13-JA-PRL

ANTHONY VIKEY OMAR PRICE

## ORDER

THIS CAUSE is before the Court on Defendant Anthony Vikey Omar Price's Motion for Compassionate Release (Doc. 210).[1] The Government filed a Response in Opposition to the Motion for Compassionate Release ("Response," Doc. 214). For the following reasons, Defendant's Motion for Compassionate Release (Doc. 210) is denied.

### I. BACKGROUND

A jury convicted Defendant of aiding and abetting an attempt to possess with intent to distribute five kilograms or more of cocaine. The Court sentenced Defendant to 262 months of imprisonment (Doc. 113). The Eleventh Circuit affirmed Defendant's conviction. (Doc. 154.)

Defendant is 38 years old and currently incarcerated at Lee USP in Lee County, Virginia, with a projected release date of January 14, 2033. *See* Bureau

---

[1] This is Defendant Price's second motion of this nature. *See* Doc. 191. The Court denied the first motion on July 27, 2021.

of Prisons ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on January 27, 2023).

## II. ANALYSIS

Defendant argues that he is entitled to a sentence reduction pursuant to *Concepcion v. United States*, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2396 (2022),[2] and *United States v. Jackson*, 36 F. 4th 1294 (11th Cir. 2022).[3] Pursuant to 18 U.S.C. § 3582(b), "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). "Section 3582(c), as amended by the First Step Act, gives a district court discretion to 'reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are

---

[2] (holding that when considering a § 404 motion under the First Step Act a district court may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating the motion).

[3] (holding based on "the Controlled Substances Act Schedules incorporated into 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of 'serious drug offense' in effect" in 2017 when the defendant violated 18 U.S.C. § 922(g)(1), the defendant's 1998 and 2004 cocaine-related convictions for violation of Section 893.13(1) of the Florida Statutes did not qualify as "serious drug offenses" under the Armed Career Criminal Act ("ACCA")), *superseded by United States v. Jackson*, 55 F. 4th 846 (11th Cir. 2022) (holding that "ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense.").

applicable' if a reduction is warranted for 'extraordinary and compelling reasons' and 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Broomfield*, No. 20-14514, 2022 WL 896825, at *1 (11th Cir. Mar. 28, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). "Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses 'a danger to the safety of any other person or to the community.'" *United States v. Feucht*, 462 F. Supp. 3d 1339, 1340 (S.D. Fla. 2020) (quoting U.S.S.G. § 1B1.13).

As explained by the Eleventh Circuit, "*Concepcion*'s holding does not address compassionate release motions. Instead, *Concepcion* held that district courts, when adjudicating a motion under the First Step Act, 'may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison).'" *United States v. Beckford*, No. 22-10638, 2022 WL 4372553, at *3 (11th Cir. Sept. 22, 2022) (quoting *Concepcion*, 142 S. Ct. at 2396). Consequently, *Concepcion* did not abrogate *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), which held that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Beckford*, 2022 WL 4372553, at *3. To be entitled to compassionate release,

therefore, Petitioner must demonstrate extraordinary and compelling reasons consistent with 1B1.13.

Here, Defendant has not established that extraordinary and compelling reasons warrant a sentence reduction. The Court "must find that a sentence reduction for extraordinary and compelling reasons is consistent with policy statements issued by the Sentencing Commission." *United States v. Mantack*, 833 F. App'x 819 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). The "extraordinary and compelling" requirement is met in relevant part where a defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). "The movant bears the burden of proving entitlement to relief under section 3582." *Mantack*, 833 F. App'x at 819-20.

Defendant relies on the decision in *Jackson* to support his motion. However, an intervening change of law is not an extraordinary and compelling reason under 1B1.13. Moreover, even if the Court could consider an intervening change in law in granting compassionate release, after the filing of Defendant's motion, *Jackson* was superseded by *United States v. Jackson*, 55 F. 4th 846. *Jackson*, therefore, does not afford Defendant any relief. Finally, as explained in the July 27, 2021 Order, the factors under 18 U.S.C. § 3553(a) weigh against

Defendant's release. *See* Doc. 191 at 7. Thus, compassionate release is not warranted.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion for Compassionate Release (Doc. 210) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 30, 2023.

                                                  JOHN ANTOON II
                                                  United States District Judge

Copies furnished to:
Counsel of Record
Anthony Vikey Omar Price