# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 5:14-cr-13-JA-PRL

ANTHONY VIKEY OMAR PRICE

## ORDER

Before the Court is Defendant Anthony Vikey Omar Price's amended motion for compassionate release. (Doc. 243). The Government has filed a response in opposition. (Doc. 251). Based on the Court's review of the parties' submissions, the motion must be denied.

### I. BACKGROUND

In 2014, after a three-day trial, a jury found Defendant guilty of one count of conspiracy to distribute five or more kilograms of cocaine under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 17; Doc. 66). At the time of Defendant's sentencing, he qualified as a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions for a "controlled substance offense"[1] and the instant offense was a "controlled substance offense."

---

[1] Defendant's prior felony convictions were for sale of cocaine and trafficking of cocaine.

Defendant faced a mandatory minimum sentence of ten years, and as a career offender, his guideline sentencing range was 360 months to life imprisonment.[2] The Court varied downward and sentenced Defendant to 262 months of imprisonment followed by five years of supervised release.[3]

In January 2023, the Eleventh Circuit Court of Appeals held that in the career offender enhancement in U.S.S.G. § 4B1.1, the definition of "controlled substance offense" does not include inchoate crimes such as conspiracy and attempt. *United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023); U.S.S.G. §§ 4B1.1, 4B1.2 (providing the definition of "controlled substance offense" for § 4B1.1). Defendant argues that *Dupree* is an intervening change in the law that is an "extraordinary and compelling reason" for a sentence reduction under U.S.S.G. § 1B1.13(b)(6).

## II.   LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons).

---

[2] Without the career offender enhancement, Defendant's guideline sentencing range was 169 to 210-months' imprisonment.

[3] Throughout trial and sentencing, United States District Judge William Terrell Hodges presided over this action. The case was reassigned to the undersigned in 2020.

The procedure and the factors to be considered in determining whether to grant a request for compassionate release are set forth in 18 U.S.C. § 3582(c), and a court must make specific findings before it may grant such a request. First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. § 3582(c); *see United States v. Elie*, No. 6:09-cr-50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a). § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

### III. DISCUSSION

#### A. Exhaustion

It is undisputed that Defendant exhausted his administrative rights. He sought a sentence reduction from the BOP on October 4, 2023. (Doc. 251-1 at 2). More than thirty days passed since the BOP's receipt of Defendant's

3

application before he filed the instant motion, and the BOP declined to file a motion on his behalf. (*Id.* at 1).

B.  **Extraordinary and compelling reasons**

There is an opportunity for relief under U.S.S.G. § 1B1.13(b)(6) "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Defendant argues that *Dupree*'s interpretation of "controlled substance offense" is an intervening change in the law that produces a gross disparity between the sentence he is serving and the sentence that would be imposed at the time his motion was filed. He asserts that under *Dupree*, his crime of conviction—conspiracy to distribute five kilograms or more of cocaine—is not a "controlled substance offense" because it is an inchoate crime and thus he would not receive the career offender enhancement if he were sentenced at the time of his motion. But on November 1, 2023—ten months after *Dupree* was decided—Amendment 822 to the Sentencing Guidelines became effective. U.S. Sent'g Comm'n, *Adopted Amendments (Effective November 1, 2023)*, Amend. 822. Amendment 822 provides that the definition of "controlled substance offense" includes inchoate crimes for purposes of the career offender enhancement.

4

U.S.S.G. § 4B1.2(d); *United States v. Willis*, No. 12-cr-80118, 2024 U.S. Dist. LEXIS 188050, at *29 (S.D. Fla. Oct. 16, 2024).

While Defendant acknowledges Amendment 822, he contends that applying it to his 2014 conviction would violate the Ex Post Facto Clause. (Doc. 243 at 7 n.3). This argument is without merit. By its terms, § 1B1.13(b)(6) requires the Court to apply "the law regarding inchoate offenses and their application to the career offender enhancement" at the time a defendant's motion for a sentence reduction is filed. *See Willis*, 2024 U.S. Dist. LEXIS 188050, at *29 (rejecting identical Ex Post Facto Clause argument). It is undisputed that Defendant's motion was filed after Amendment 822 became effective. If Defendant's sentence were imposed at the time his motion was filed, the career offender enhancement would apply to him because the definition of "controlled substance offense" now includes inchoate crimes. U.S.S.G. §§ 4B1.1, 4B1.2(d). There is also no Ex Post Facto Clause problem because the career offender enhancement applied to Defendant at the time of sentencing the same as it would have applied when he filed his motion for compassionate release.

Because Defendant fails to present extraordinary and compelling reasons for compassionate release, it is unnecessary to analyze whether he is serving an unusually long sentence, whether he is a danger to the community, or the factors in § 3553(a).

## IV.  CONCLUSION

Accordingly, Defendant's amended motion for compassionate release (Doc. 243) is **DENIED**.

**DONE** and **ORDERED** on January __8__, 2026.

                                          JOHN ANTOON II
                                        United States District Judge

Copies furnished to:
United States Attorney
Counsel for Defendant
Anthony Vikey Omar Price